**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
## E N T R Y   O R D E R
======================================================================

**In re Goddard College Conditional Use**                    **Docket No. 175-12-11 Vtec**
**(Appeal from Town of Plainfield Development Review Board decision)**

Title: Town of Plainfield's Memorandum Regarding 24 V.S.A. § 4413
Filed: May 28, 2013
Filed By: Town of Plainfield
Response: Goddard College (June 7, 2013)

___ Granted                    ___ Denied                    _X_ Other

Rhea Wilson appeals a decision of the Town of Plainfield Development Review Board (DRB) finding that the site plan approval criteria were satisfied and granting Goddard College (Goddard) a conditional use permit to construct a central wood chip heating system and building on Goddard's property in the Town of Plainfield (the Town).  In an April 20, 2013 decision, we concluded that review is limited by how Goddard's proposal was classified under the Plainfield Zoning Regulations (PZR) for the purpose of DRB's review.  The DRB reviewed Goddard's project both as a commercial use, requiring site plan review, and as a light industry use, requiring conditional use review.  Specifically, we concluded that the proposed system is properly classified only as a light industry use under PZR § 2.8.  The parties then agreed to strike from the court's review general standards 1, 3, 4, and 5 and specific standards 4 and 5 under PZR § 2.8, with qualifications on evidence that may nonetheless be presented, and they stipulated that the only remaining issue in this case is:

> Does the proposed wood chip heating system satisfy the requirements for approval as a Conditional Use – Light Industry under §§ 1.7 and 2.8 of the Town of Plainfield Zoning Regulations?

At issue now is whether 24 V.S.A. § 4413 further limits the Court's review.  The Court asked the parties to brief this issue, and the Town and Goddard submitted timely memoranda.  Section 4413(a) provides that municipalities may regulate "public and private schools and other educational institutions certified by the state department of education" only with respect to

enumerated issues and "only to the extent that regulations do not have the effect of interfering with the intended functional use."  Under § 4413, municipal regulation is limited to:

> location, size, height, building bulk, yards, courts, setbacks, density of buildings, off-street parking, loading facilities, traffic, noise, lighting, landscaping, and screening requirements.

PZR § 2.8 provides standards beyond this enumerated list, such as the "character of the area affected."  The Town argues § 4413(a) does not limit review because the provision applies only to "state- or community-owned and operated institutions [or] facilities" or a "specific type of use" listed in the provision, such as a school or educational institution.  The Town argues that because the woodchip heating system is not itself a "school" or "educational institution" the Court should review it as a "light industry use" under PZR § 2.8 without the § 4413 limitations.

We conclude that Section 4413(a) extends to component uses such as the proposed woodchip heating system, despite "light industry" classification under PZR § 2.8.  Our "paramount goal" in construing statutory language is to implement the intent of its drafters. Colwell v. Allstate Ins. Co., 2003 VT 5, ¶ 7, 175 Vt. 61.  When statutory language is plain and unambiguous, it is enforced "according to its terms without resort to statutory construction." Id. (citations omitted).  Section 4413(a) does not reference municipal land use classifications or categories such as "residential," "commercial," or "industrial."  Instead, the legislature identified certain *uses*, such as schools, churches, and hospitals, for which it confined municipal regulation to a finite set of issues.  It does not appear from the face of Section 4413 that its drafters intended a municipality's classification system to determine its application to proposed development.  Such a qualification would mean a municipality's categories of use and classification of projects dictate whether § 4413 applies—a consequence the legislature likely did not intend.

The PZR, for example, does not provide any sort of "school," "educational institution," or similar use category.  While the Town argues that the College might have enjoyed § 4413's limited review had it proceeded under the "accessory use" category (as an accessory use to an educational institution), the Court disagrees that development in that category should be treated as a school use under § 4413 while development in other categories should not.  As such, the "light industry" classification of this proposed development does not govern whether § 4413 applies.

2

To give the "uses" listed in § 4413(a)(2)-(a)(6) full effect, the section's applicability must depend on the purpose and users of the development.  Here, Goddard seeks to build and own a woodchip heating system on its own land for the purpose of heating its school buildings.  Nothing in the language of § 4413 indicates that some components of an educational institution, such as classroom buildings, receive the benefit of this limited review, while other components, such as electrical or heating facilities, do not.  Thus, the development of Goddard's heating system is part of its overall "use" as a school or educational institution under § 4413(a)(2).

For the reasons stated above, although the Court will review Goddard's proposal as a light industry conditional use, our review is limited by Section 4413(a).

_____                  _____September 19, 2013_____
               Thomas G. Walsh, Judge                                              Date

===========================================================================

Date copies sent: _____                                      Clerk's Initials: _____

Copies sent to:

  Robert Halpert, Attorney for Town of Plainfield

  Elizabeth H. Catlin and Brian S. Dunkiel, Attorneys for Goddard College, Applicant/Appellee

  Erick Titrud, Attorney for Rhea Wilson, Appellant